Filed 3/8/13  P. v. Ratliff CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F064236 |
| v. | (Super. Ct. Nos. F10601292, F11905761) |
| ALBERT ELDRIDGE RATLIFF, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Cornell, J., and Poochigian, J.

On September 3, 2010, in Fresno County Superior Court case No. F10601292 (first case), appellant, Albert Eldridge Ratliff, pled guilty to a single count of willful infliction of corporal injury upon a spouse or cohabitant (Pen. Code, § 273.5, subd. (a)). On November 9, 2010, the court suspended imposition of sentence and placed appellant on three years' formal probation.

On November 1, 2011, in Fresno County Superior Court case No. F11905761 (second case), appellant pled guilty to a single count of transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)), and based on that plea, the court found appellant to be in violation of probation in the first case. On December 2, 2011, the court imposed the two-year lower term in the second case and a concurrent two-year term in the first case.

On January 3, 2012, appellant filed a notice of appeal covering both cases and requested the court issue a certificate of probable cause (Pen. Code, § 1237.5). The court denied that request.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing.

### FACTS

*First Case*[1]

On August 21, 2010, the person identified in the report of the probation officer in the first case as the "Confidential Victim" (CV) told Fresno County Sheriff's Department (FCSD) deputies the following: She and appellant had been living together for

---

[1]     Information in this section is taken from the report of the probation officer in the first case.

approximately seven years. That day, appellant was engaging in what she deemed rough "horseplay" with her 20-year-old son and another young man. The CV objected, and appellant responded with an expletive and "grabbed [the CV] by both of his hands in the upper body and threw her on the ground." The CV got up, the two exchanged words, and appellant "pushed her down to the ground .…" Thereafter, appellant followed the CV into the residence where the two continued to argue, and appellant "grabbed [the CV] again and pushed her up against the kitchen wall." He "threw her down two or three more times." At some point thereafter, appellant left the residence.

The CV "reported both of her wrists hurt extensively and she had a laceration on her face."

*Second Case*

According to a FCSD report, the following occurred on October 4, 2011: A FCSD deputy, upon effecting a traffic stop of a vehicle with an expired registration, noticed an "'overwhelming odor' of marijuana from the vehicle's interior." He asked the driver, Jack Borders, if there was marijuana in the car. Appellant, a passenger in the car, stated that Borders "had a medical marijuana card and that it was 'all legal.'" Borders stated he did not have his card. Appellant told the deputy there was approximately one pound of marijuana in the car, the marijuana belonged to him (appellant), and he "did not have enough money to renew his medical marijuana card."

The deputy searched the car pursuant to Borders's consent and found 382.6 grams of marijuana.

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.

3